*908 OPINION.
Lansdon:
The petitioner is what is generally known as a share capital cooperative association. From the evidence we conclude that the situation here is on all fours with that which we have previously considered in proceedings involving the taxability of the receipts of cooperative business organizations. After the payment of operating expenses and of an 8 per cent dividend on outstanding stock, in conformity with its by-laws, it credited the remainder of its receipts for the taxable year to its patrons in proportion to their deliveries of butter fat.
This procedure was in recognition of a liability created by the bylaws which are a contract between such a corporation and its patrons. In this situation neither the basis of accounting nor the fact that no cash was paid to the patrons in the taxable year is material. At December 31, 1925, the amount of $4,784.13 was a liability of the petitioner as additional cost of butter fat purchased from its patrons and should not be included in its taxable income for such year. Trego County Cooperative Association, 6 B. T. A. 1275; Home Builders Shipping Association, 8 B. T. A. 903.

Decision will he entered for the petitioner.